FILED
2015 Feb-26  AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| A. JOHN LUCAS and GEORGE M. TAYLOR, III, as Designated Co-Trustees of The Thomas M. Acheson Revocable Trust; THE THOMAS M. ACHESON REVOCABLE TRUST, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:14-cv-00856-MHH |
| v. | ) ) | |
| DAVID J. ACHESON, an Individual, SHEREE N. ACHESON, an Individual, and THE ESTATE OF THOMAS M. ACHESON, an Estate, | ) ) ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHEREE N. ACHESON, | ) ) | |
| Cross-Claimant, | ) ) | |
| v. | ) ) | 2:14-cv-00856-MHH |
| DAVID J. ACHESON, | ) ) | |
| Cross-Defendant. | ) | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT IN INTERPLEADER
AND FOR DECLARATORY AND EQUITABLE RELIEF**

**COME NOW** plaintiffs, by and through their undersigned counsel, and pursuant to this Court's order of February 18, 2015, hereby file this amended

21931714 v1

complaint for the purpose of adding as a defendant The Estate of Thomas M. Acheson (the "Estate"). By filing this amended complaint, Plaintiffs intend to supersede and replace the prior complaint filed on May 7, 2014. (ECF No. 1). For their amended complaint, Plaintiffs state as follows:

## JURISDICTION

1. This is an action for statutory interpleader pursuant to 28 U.S.C. § 1335, for a declaratory judgment as to the rights of the parties hereto pursuant to 28 U.S.C. § 2201 *et. seq.*, and for equitable relief pursuant to 28 U.S.C. § 2361.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 because the amount in controversy exceeds $500, and the adverse claimants to the funds at issue in this action are of diverse citizenships. This Court also has supplemental jurisdiction over the non-interpleader aspects of this case pursuant to 28 U.S.C. § 1367.

3. This Court has *in personam* jurisdiction over all of the parties to this action pursuant to 28 U.S.C. § 2361 and consistent with traditional principles of due process.

## VENUE

4. Venue for this action is proper in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1397, because one of the

claimants (Sheree N. Acheson) resides in this District. The Estate also resides here. The trust at issue is being actively administered in this District.

## PARTIES

5.  Plaintiff A. John Lucas is an individual resident-citizen of Jefferson County, Alabama. He is a successor trustee of The Thomas M. Acheson Revocable Trust (the "Revocable Trust"). Mr. Lucas has served as Mr. Thomas Acheson's companies' Secretary/Treasurer and Controller for over 30 years and has extensive knowledge of the Acheson companies' financial affairs.

6.  Plaintiff George M. Taylor, III is an individual resident-citizen of Jefferson County, Alabama. He is a successor trustee of the Revocable Trust. Mr. Taylor has served as Mr. Acheson's general counsel and trusted legal advisor for over 20 years.

7.  Plaintiff The Thomas M. Acheson Revocable Trust is a trust created by Thomas M. Acheson on October 10, 2000. It was amended several times during Mr. Acheson's lifetime, with the last such amendment occurring on May 6, 2010 (the "Sixth Amendment and Restatement of The Thomas M. Acheson Revocable Trust", a true and correct copy of which is attached hereto as Exhibit A"). The Revocable Trust is currently being administered by plaintiffs Lucas and Taylor.

8. Both Lucas and Taylor became the successor trustees of the Revocable Trust upon the death of the settlor of that Trust, Thomas M. Acheson. Mr. Acheson died on January 14, 2014. Since then, Lucas and Taylor have accepted their roles as trustees of the Revocable Trust and have performed various acts in their roles as trustees of that trust.

9. Defendant David J. Acheson is a resident-citizen of Ft. Myers, located in Lee County, Florida. He is a qualified beneficiary under the Revocable Trust. David Acheson is the son of Thomas M. Acheson and, upon information and belief, was estranged from his father at the time of his death.

10. Defendant Sheree N. Acheson is a resident-citizen of Vestavia Hills, located in Jefferson County, Alabama. She is a qualified beneficiary under the Revocable Trust. She was married to Thomas M. Acheson at the time of his death.

11. During his lifetime, Thomas M. Acheson was a resident citizen of the State of Alabama. Defendant The Estate of Thomas M. Acheson (the "Estate") is open in the Probate Court of Jefferson County, Alabama, Case No. 2014-221814. Pursuant to 28 U.S.C. § 1332(c)(2), the Defendant Estate is a resident citizen of the State of Alabama.

## GENERAL ALLEGATIONS

### A.     CREATION OF THE REVOCABLE TRUST

12.     Over several decades, Thomas M. Acheson successfully owned and operated several automobile dealerships in Hoover, Alabama, Memphis, Tennessee, Jackson, Mississippi, and Daphne, Alabama.  For more than a decade, Mr. Acheson undertook a long and evolving process of planning his significant estate.  His desire was to provide some money to his two children, David and Cameron Acheson, and his grandchild, Paige Acheson.  Mr. Acheson, however, desired that the bulk of his assets and money go to his current wife, Sheree N. Acheson, to whom he was married for the last sixteen (16) years.

13.     Throughout his life, Mr. Acheson remained in charge of his business empire and made major strategic decisions with respect to each of his businesses, including decisions as to borrowing and investment of funds, the sale and purchase of dealerships, hiring and firing of employees, and relationships with manufacturers.  Mr. Acheson remained active in his businesses and in charge of major decisions with respect to them until his death.

14.     During his lifetime, Mr. Acheson established several *inter vivos* trusts in the course of implementing his estate plan.  Mr. Acheson sought the advice of several estate planning professionals with respect to the creation, maintenance, and funding of these trusts.  While several trusts were created, they all were part of a

comprehensive estate plan that Mr. Acheson, with the assistance of his professional advisors, designed, implemented, and altered over time.

15. Mr. Acheson exercised a meticulous degree of control over the planning and drafting process for his estate plan. Planning was based both on his desires for distribution of his assets after his death and also on his desire to minimize tax consequences to the trusts and the beneficiaries.

16. Mr. Acheson created the Revocable Trust on October 10, 2000. He conveyed substantial assets to the Revocable Trust over a period of years, beginning in 2006. During the latter part of 2010 and in 2012, shares of stock owned by Mr. Acheson in automotive dealerships operating in Hoover, Memphis, Jackson and Daphne were conveyed to the Revocable Trust. These transfers were done with prior approval of each of the manufacturers whose vehicles are sold by those dealerships, as required by existing Dealer Sales and Service Agreements. Each of the manufacturers duly approved the transfer of the shares and none has questioned the validity of the Revocable Trust, or the capacity of Mr. Acheson to establish the Revocable Trust or to convey the shares to the Revocable Trust. The position of Mr. Acheson as "dealer principal" of each of the dealerships was critical to the business relationship between the dealerships and the manufacturers, and Mr. Acheson at all times prior to his death maintained good relations with the

manufacturers, none of whom questioned his capacity or skill in acting as the chief executive officer of each dealership.

**B.     APPOINTMENT OF THE TRUSTEES**

17.    Mr. Acheson initially appointed himself as trustee of the Revocable Trust.  Pursuant to Section 3 of the trust agreement, Mr. Acheson reserved the right to amend, modify, or revoke the trust.  Mr. Acheson exercised his prerogative under Section 3 by amending the Revocable Trust six times during his lifetime.  Upon Mr. Acheson's death, the trust became irrevocable and is not subject to further amendment or revocation by anyone.

18.    Pursuant to Section 17(c) of the Revocable Trust, upon the death of Mr. Acheson, A. John Lucas and George M. Taylor, III were appointed by Mr. Acheson to serve as successor trustees and to exercise all powers granted to the trustees under the Revocable Trust.

19.    Mr. Acheson died on January 14, 2014.  A. John Lucas and George M. Taylor, III thereafter accepted the position of successor trustees of the Revocable Trust and have taken actions in their capacity as successor trustees under that trust.  The Estate is currently being administered in the Probate Court of Jefferson County, Birmingham Division, Case Number 2014-221814.

## C.  BENEFICIARIES OF THE REVOCABLE TRUST

20. The Revocable Trust had two principal beneficiaries. Sheree Acheson, as Mr. Acheson's wife, was the primary beneficiary. His son, David Acheson, was also provided for in the Revocable Trust.

21. Essentially, the Trust provides for the distribution of an amount to be made to David Acheson, which was described in the Trust as the "David Acheson Share." After distributing the David Acheson Share, the rest of the trust estate in the Revocable Trust is to be administered by the trustees for the benefit of Sheree Acheson.

## D.  THE PROMISSORY NOTES

22. Over the course of the past seven (7) years, David Acheson attempted to pursue various business ventures, and to do so he frequently borrowed money from Mr. Acheson and his wife, Sheree. A large portion of the money borrowed by David Acheson was used to acquire and run a restaurant in Destin, Florida, which operated under several different names. The restaurant lost hundreds of thousands of dollars and eventually went out of business.

23. The indebtedness of David Acheson to Mr. Acheson and his wife, Sheree, was evidenced by a series of promissory notes (the "David Acheson Notes"). (True and correct copies of those promissory notes are attached hereto as Exhibits "B" through "P" and are incorporated herein by reference.).

24. In each of the David Acheson Notes, David Acheson "promise[d] to pay to the order of Thomas M. Acheson **and** Sheree N. Acheson" a sum certain and interest thereon. Several of the notes, (Exs. B-N), were payable in fifteen (15) annual installments. Two notes, (Exs. O and P), were payable on demand.

25. Upon information and belief, not a single payment was ever made under any of the David Acheson Notes and they remain unpaid and outstanding, except that Mr. Acheson and his wife, Sheree, forgave certain amounts of indebtedness due, as set forth below:

| DATE OF PROMISSORY NOTE | AMOUNT OF DEBT FORGIVENESS | DATE OF FORGIVENESS |
| --- | --- | --- |
| September 22, 2006 | $14,352 | December 31, 2007 |
| September 22, 2006 | $19,176 | December 31, 2008 |
| September 22, 2006 | $19,176 | September 15, 2009 |

As of the end of April 2014, the current amount in principal and interest owed under the David Acheson Notes was approximately $2,923,944.

26. The Revocable Trust addresses the David Acheson Notes in Section 6(a)(i) and directs the trustees to set aside the David Acheson Share, with such share "valued at $3,000,000 plus all promissory notes and other indebtedness owed by David J. Acheson to Grantor [Thomas M. Acheson] at the time of Grantor's death." The Revocable Trust further provides in Section 9 that the David Acheson

Share is to be transferred, paid over and distributed to defendant David Acheson by the Trustees.

## COUNT ONE
## (INTERPLEADER)

27. Plaintiffs reallege and incorporate herein by reference the facts and allegations in the preceding paragraphs.

28. 28 U.S.C. § 1335 provides that interpleader is appropriate where "[t]wo or more claimants, of diverse citizenship … are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any obligation.…"

29. The central principle of the Revocable Trust is that once payment is made of the David Acheson Share, the remaining corpus of the Revocable Trust is to be administered by the Trustees for the benefit of defendant Sheree Acheson.

30. As a result, any distribution by the trustees of amounts to fund the David Acheson Share serves to diminish the corpus of the Revocable Trust that would otherwise inure to the benefit of defendant Sheree Acheson.

31. Plaintiffs are prepared to fund the David Acheson Share under the Revocable Trust and to "set aside a share valued at $3,000,000 plus all promissory notes and other indebtedness owed by David J. Acheson to Grantor [Thomas M.

Acheson] at the time of Grantor's death, said share to be known as the David Acheson Share." See Revocable Trust § 6(a)(i).

32. Section 6(a)(ii) and Section 7(a) of the Revocable Trust generally provide that the "Trustee shall set aside the remainder of the trust, less and except the David Acheson Share, said share to be known as the Marital Share [to be held "for the sole use and benefit of the Grantor's spouse, SHEREE NETHERTON ACHESON"].

33. The Plaintiffs are uncertain as to the amount that should be included in the David Acheson Share.  Plaintiffs need guidance on whether: (a) the David Acheson Share is $4,461,997, which represents the $3,000,000 primary amount set forth in Section 6(a)(i) plus the maximum dollar amount sufficient to repay the outstanding indebtedness owed by David Acheson under the promissory notes to Thomas M. Acheson or his Estate (i.e., 50% of the total indebtedness under the David Acheson Notes, the other 50% being owed to Sheree Acheson); (b) the David Acheson Share is $3,000,000 plus the amount of indebtedness owed at the date of Thomas Acheson's death; (c) the David Acheson Share is just $3,000,000, with the remainder of the outstanding indebtedness owed by David Acheson to Thomas M. Acheson (or his Estate) thereby treated as having been forgiven under Section 6(a)(i) of the Revocable Trust; or (d) the David Acheson share is just a portion of the $3,000,000 paid into the Court registry.

34.     If the Court determines after considering the evidence that the interpretation in either of the foregoing sections (a) or (b) accurately reflects the Grantor's intentions, then with respect to the additional amounts over and above the $3,000,000 pecuniary amount specified in Section 6(a)(i), Plaintiffs request further guidance as to whether this additional amount should be paid to: 1) the Estate as repayment of the indebtedness owed by David Acheson to Thomas M. Acheson under the promissory notes; 2) the Revocable Trust for the benefit of defendant Sheree Acheson pursuant to the "pour-over" provisions in the Grantor's Last Will and Testament; or, 3) some other person or entity (or combination of persons or entities).

35.     Defendant Sheree N. Acheson, through her counsel, has advised Plaintiffs that the David Acheson Notes were payable to the decedent **and** to defendant Sheree N. Acheson.  Defendant Sheree N. Acheson states that she has not forgiven any portion of those notes that were made payable to her and that she is entitled to receive payment in full under those notes.  See ALA. CODE § 7-3-316 (1975).  Because a considerable portion of the funds used to pay the David Acheson Share would otherwise be used for the benefit of defendant Sheree N. Acheson under Sections 6(a)(ii) and 7 of the Revocable Trust, she has an interest in having those funds remain in trust for her benefit and in not having them paid over to defendant David Acheson.  She has asserted those interests through her counsel.

She has demanded that no funds representing amounts due to the Grantor under the David Acheson Notes, and which might otherwise be paid to fund the David Acheson Share, be paid to defendant David Acheson until this Court decides this controversy.  And, she has demanded that Plaintiffs not distribute any of the David Acheson Share until the Court resolves the amounts owed to her under the David Acheson Notes.

36. Plaintiffs are prepared to carry out their duties under Sections 6, 7, and 9 of the Revocable Trust.  They are prepared to make payment of the David Acheson Share and to administer the remaining corpus of the Revocable Trust for the benefit of defendant Sheree Acheson under the Marital Share provisions of the Revocable Trust.  Plaintiffs Lucas and Taylor have no interest in or claim to the Revocable Trust Funds at issue, and they have at all times been willing to pay those funds to such persons as shall be lawfully entitled to receive them.  Plaintiffs are merely stakeholders of the funds and are disinterested in the outcome of the disposition of those funds, with the exception that Plaintiffs desire that the trust proceeds be distributed in a lawful manner to the persons legally entitled to receive them.

37. Plaintiffs have not brought this suit in interpleader at the request of any of the defendants.  Plaintiffs file this complaint of their own free will to avoid being subjected to multiple costs and liabilities and to avoid unnecessary suits.

38. Plaintiffs have employed the law firm of Burr & Forman LLP to represent them in this action and are obligated to pay that firm reasonable attorneys' fees.

39. Contemporaneously with the filing of the initial Complaint, Plaintiffs paid $3,000,000 into the Court registry. This amount represents, in Plaintiffs' view, the proper amount of the David Acheson Share. Plaintiffs, however, are prepared to pay an additional amount of $1,461,997 into the Court registry if the Court so instructs.

40. All notices required by law have been made, and all conditions precedent to the initiation of this lawsuit have been satisfied, excused, or waived.

**WHEREFORE**, Plaintiffs demand:

**(a)** That this Court approve the amount of the Revocable Trust Funds that have been deposited into the Court registry, and then declare that amount to be the maximum amount of the David Acheson Share;

**(b)** That this Court relieve and discharge Plaintiffs from any further liability on any claim, now or hereafter made, based upon or in connection with the Revocable Trust Fund previously held by Plaintiffs before the deposit into Court;

**(c)** That Sheree Acheson, David Acheson, and the Estate be required to interplead and litigate among themselves their respective rights to the Revocable Trust Funds that have been deposited by the plaintiffs into Court;

**(d)**     That Plaintiffs recover their costs and expenses, including reasonable attorneys' fees, incurred in maintaining this interpleader action; and

**(e)**     That this Court grant such other and further relief as it deems just and appropriate under the circumstances.

## COUNT TWO
### (DECLARATORY RELIEF AND FOR INSTRUCTIONS: ALA. CODE § 19-3B-201)

41.     Plaintiffs reallege and incorporate herein by reference the facts and allegations in the preceding paragraphs.

42.     Section 19-3B-201 of the Alabama Uniform Trust Code grants jurisdiction to courts to declare the parties' rights and obligations under a trust and to provide instructions to the trustees in the performance of their obligations to administer the trust.

43.     In view of the foregoing, the trustees are in need of instructions with respect to the following matters: (a) how much to pay David Acheson under the Revocable Trust, and (b) once that payment is made, whether defendant David Acheson has any further rights in the corpus of the Revocable Trust, and (c) whether Plaintiffs have any further reporting or other obligations to defendant David Acheson.

44.     In conjunction with the instructions about payment and reporting to defendant David Acheson, Plaintiffs also request this Court to exercise the powers

granted under ALA. CODE § 19-3B-201(d)(4) to declare and determine the validity and terms of the Revocable Trust.

**WHEREFORE,** Plaintiffs request this Court to issue the following relief:

**(a)** Take jurisdiction over this case pursuant to 28 U.S.C. § 2201, *et seq.*;

**(b)** Take personal jurisdiction over all the parties;

**(c)** Provide the declarations and instructions requested in Count Two;

**(d)** Declare that once payment is made to David Acheson pursuant to payment instructions issued under Count Two, that David Acheson is no longer a qualified beneficiary of the Revocable Trust and that neither the Revocable Trust nor the Trustees of that Trust have any further obligations to him.

**(e)** Determine and declare that the Revocable Trust at issue was properly created and amended and is in full force and effect;

**(f)** Determine that Thomas M. Acheson had the mental capacity to create and amend the Revocable Trust at issue at all times, that no one exercised undue influence over him in connection with the creation of (or amendment to) the Revocable Trust, and that the Revocable Trust is valid and enforceable.

**(g)** Grant such other, further, and different relief which this Court deems just and appropriate under the circumstances.

**(h)** To issue such other and further legal, declaratory, or equitable relief which this Court deems just and appropriate under the circumstances.

## COUNT THREE
## (INJUNCTIVE RELIEF)

45. Plaintiffs reallege and incorporate herein by reference the facts and allegations set forth in the preceding paragraphs.

46. In the lawsuit entitled <u>David J. Acheson and Cameron Elizabeth Acheson v. A. John Lucas, et al.</u>, Case No. 2014-221611, presently pending in the Probate Court of Jefferson County, defendant David Acheson has asserted claims relating to the administration of the Revocable Trust (the "Probate Court Proceedings").  (A true and correct copy of the Verified Petition in the Probate Court proceedings is attached hereto as Exhibit "Q" and is incorporated herein by reference).

47. 28 U.S.C. § 2361 authorizes the district court in which a statutory interpleader action is pending to issue an appropriate order restraining the parties to the interpleader action from proceeding in any court with regard to claims affecting the property involved in the interpleader action.

48. As a result, defendant David Acheson should be enjoined and restrained from prosecuting any further actions in the Probate Court Proceedings that would overlap or interfere with the proceedings in this case.

**WHEREFORE**, Plaintiffs request this Court to enter the necessary order enjoining and restraining defendant David Acheson from prosecuting any further action in the Probate Court Proceedings, or in any other court, that would overlap,

embrace or interfere with the proper administration and resolution by this Court of the claims involved in this Action.  Plaintiffs pray for such other and further relief as this Court deems just and appropriate under the circumstances.

                                          s/ Robert H. Rutherford
                                          S. Greg Burge
                                          Bruce A. Rawls
                                          Robert H. Rutherford

                                          Attorneys for Plaintiffs

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wells Fargo Tower
420 North 20th Street
Birmingham, Alabama  35203
gburge@burr.com
brawls@burr.com
robert.rutherford@burr.com
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## SERVICE BY HAND DELIVERY

Pursuant to Fed. R. Civ. P. 4, plaintiffs request that defendant The Estate of Thomas M. Acheson be served via hand delivery at the following address:

>The Estate of Thomas M. Acheson
>c/o Walker Percy Badham, III
>Badham & Buck, LLC
>2001 Park Place North
>Suite 500
>Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing First Amended Complaint in Interpleader and for Declaratory Judgment and Equitable Relief on the CM/ECF system on February 26, 2015, through which the following persons will receive electronic service of such filing:

| | |
|---|---|
| Barry A. Ragsdale, Esq. | Augusta S. Dowd, Esq. |
| Thomas B. Humphries | Sidney C. Summey, Jr., Esq. |
| SIROTE & PERMUTT, P.C. | Katherine R. Brown, Esq. |
| 2311 Highland Avenue South | WHITE, ARNOLD & DOWD, P.C. |
| Birmingham, Alabama 35205 | 2025 Third Avenue North, Suite 500 |
| 205-930-5100 | Birmingham, Alabama 35203 |
| bragsdale@sirote.com | adowd@whitearnolddowd.com |
| thumphries@sirote.com | ssummey@whitearnolddowd.com |
| | kbrown@whitearnolddowd.com |

>s/ Robert H. Rutherford
>OF COUNSEL